# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-2361
_____

United States of America

*Plaintiff - Appellee*

v.

Vincent Neil Strauser

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: October 20, 2025
Filed: January 26, 2026
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Vincent Neil Strauser pleaded guilty to conspiracy to distribute and manufacture a controlled substance following a conviction for a prior serious drug felony, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 851, and possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1). At his

initial sentencing hearing, the district court[1] determined that Strauser was a career offender and therefore subject to a sentencing enhancement. Accordingly, the district court sentenced Strauser to 200 months' imprisonment. *See* U.S.S.G. § 4B1.1(a). On appeal, we found that Strauser did not qualify as a career offender and reversed and remanded for resentencing. *United States v. Strauser*, No. 23-2780, 2024 WL 1714254 (8th Cir. Apr. 22, 2024) (per curiam). At resentencing, the district court determined that Strauser was subject to an advisory sentencing guidelines range of 161 to 192 months' imprisonment. The district court stated that it intended to give Strauser a sentence that was "less than what [it] imposed last time but not substantially less because of all the 3553(a) factors and particularly the defendant's very serious criminal history and his poor performance under supervision." Thus, it intended to impose a sentence "toward the middle of the guideline range." The district court then stated its intent to impose a sentence of 193 months' imprisonment—which would have constituted an upward variance of one month. The Government asked for clarification. The district court stated that it "actually" meant to impose "a 192 [month] sentence, not above that range." The district court imposed a sentence of 192 months' imprisonment.

On appeal, Strauser argues that the district court committed procedural error by failing to provide an adequate explanation for its sentence because it stated that it intended to impose a sentence towards the middle of the guidelines range but actually imposed a sentence at the top of the guidelines range. "Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation modified). Because Strauser did not raise this alleged procedural error to the district court, we review for plain error. *United States v. Runs Against*,

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

66 F.4th 722, 725 (8th Cir. 2023). Thus, to prevail, Strauser must show that the district court committed a plain error that affects his substantial rights and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 735-36 (1993) (citation modified). "To show that an error affected his substantial rights, he must convince us that a reasonable probability exists that he would have received a more favorable sentence but for the error." *Runs Against*, 66 F.4th at 725.

Strauser fails to convince us that a reasonable probability exists that he would have received a more favorable sentence but for the district court's alleged error. First, a 192-month sentence is in accord with the district court's initial explanation that it intended to impose a sentence that was "less . . . but not substantially less" than its previous sentence of 200 months. Second, after the district court stated its intent to impose a sentence of 193 months, the Government asked the district court for clarification. The Government noted that a sentence of 193 months' imprisonment would constitute an upward variance. The district court acknowledged the guidelines range and clarified that it intended to give a sentence of 192 months, "not above that range." "We are therefore convinced that the district court thought the sentence it chose was appropriate," regardless of its earlier statement about intending to sentence Strauser to a middle-of-the-range term. *See Runs Against*, 66 F.4th at 725 (citation modified).

Accordingly, we affirm.

_____